IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NATHANIEL SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 6:23-cv-00251 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| TYSON FOODS, INC., | § | |
| TOMMY BROWN, | § | |
| FELICIA ALEXANDER, | § | |
| JOHN DOE I, and JOHN DOE II, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT TYSON FOODS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 and Local Rule CV-81, Defendant Tyson Foods, Inc., ("Tyson" or "Defendant") hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

**A.
THE REMOVED CASE**

1. The removed case is a civil action first filed with the County Court at Law in Panola County on February 16, 2023 styled *Nathaniel Smith v. Tyson Foods, Inc., Tommy Brown, Felicia Alexander, John Doe I, and John Doe II,* under Cause No. 3560. The case arises out of a purported incident that Plaintiff, Nathaniel Smith ("Smith" or "Plaintiff"), alleges occurred at Defendant Tyson Foods, Inc.'s facility in Carthage, Texas on or about July 25, 2022.

## B.
### DOCUMENTS FROM REMOVED ACTION

2. Pursuant to Local Rule CV-81, Defendant attaches the following documents to this Notice of Removal:

(a) A list of all parties in the case, their party type and current status;

(b) A civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c) A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d) A record of which parties have requested trial by jury; and

(e) The name and address of the court from which the case is being removed.

The aforementioned documents are attached to this Notice of Removal as ***Exhibit 1.*** Additionally, Defendant is simultaneously filing a separately signed Disclosure Statement that complies with Federal Rule of Civil Procedure 7.1. Further, undersigned counsel represents Ms. Alexander in this case. Counsel are authorized to formally confirm that she consents to this case being removed; and, by signing this notice of removal, counsel so confirm.[1]

---

[1] Mr. Brown has not been served. If and when he is, undersigned counsel will represent him.

### C.
### REMOVAL IS TIMELY

3.      Plaintiff, Nathaniel Smith, filed the present civil suit against Defendants Tyson Foods, Inc. ("Tyson" or "Defendant"), Tommy Brown ("Brown"), Felicia Alexander ("Alexander"), John Doe I, and John Doe II (collectively, "Defendants") in the County Court at Law in Panola County, Texas (the "State Court Action"), on February 16, 2023.  Plaintiff served Tyson with the Original Petition (the "Petition"), on April 14, 2023.  In the Original Petition, Plaintiff asserts negligence-based causes of action against Defendants based on an alleged workplace injury (in addition to a premises liability cause of action against Tyson). Defendant timely filed its Original Answer on May 3, 2023.

4.      Defendant has filed this Notice of Removal within thirty days after receiving papers indicating that the present lawsuit was filed in the Panola County Court at Law, and subsequently became removable to the United States District Court for the Eastern District of Texas. Defendant, therefore, contends that this removal is timely made.

### D.
### VENUE IS PROPER

5.      The United States District Court for the Eastern District of Texas is the only proper venue for the removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the Panola County court is located within the jurisdiction of the United States District Court for the Eastern District of Texas, Tyler Division.

# E.
## DIVERSITY OF CITIZENSHIP EXISTS

6. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest ***properly joined*** and served as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

7. This is a civil action falling under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Removal is proper because there is complete diversity between all of the properly joined parties. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff improperly joined Defendants Tommy Brown and Felicia Alexander, John Doe I and John Doe II, which had the effect of destroying complete diversity. [*See*, the Petition at ¶¶ 2.3-2.6].

8. **Improper joinder is assessed under a Rule 12(b)(6) standard.** The doctrine of improper joinder "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see* 28 U.S.C. § 1441(b)(2) (removal is improper under 28 U.S.C. § 1332(a) "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought") (emphasis added).[2]

9. Improper joinder can be established by (1) "actual fraud in the pleading

---

[2] The Fifth Circuit has adopted the term "improper joinder" in place of the well-known "fraudulent joinder" term. The two terms are otherwise synonymous. *See Smallwood*, 385 F.3d at 577 n.1.

of jurisdictional facts" or (2) the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). As to the latter method, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

10. In other words, "a nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief may be granted." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (holding that, when determining whether non-diverse defendant "was improperly joined . . . , [the court] must consider whether [plaintiff] pleaded 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533-34 (5th Cir. 2020) (disregarding citizenship of improperly joined defendant on the grounds that the complaint failed to state a claim under Rule 12(b)(6) against non-diverse defendant).

11. **Plaintiff does not and cannot state a claim against Brown, Alexander, John Doe I or John Doe II ("Employee Defendants").** The Petition alleges a claim of "negligence and gross negligence" against Defendants Brown, Alexander, John Doe I and John Doe II (Pet. ¶¶ 5.12-5.27), who during all relevant times were employees of Tyson at its facility. Notably, Plaintiff alleges that Brown's, Alexander's, John Doe I's and John Doe II's liability arises from the "tortious acts

that [they] participated in *as an employee of Defendant Tyson Foods, Inc.*" [*See, id.* ¶¶ 4.4-4.7].[3] As is well-established in Texas, "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Thus, "[i]n the context of a negligence suit based on workplace safety . . . the employer ha[s] a nondelegable duty to use ordinary care in providing an employee with a safe workplace." *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) ("Texas law does not permit . . . a cause of action against store managers.").

12.     This black letter rule is precisely why Courts have dismissed complaints on the grounds that "the duty to ensure a safe workplace rests solely with the employer, not individual employees." *Fields* Dismissal Order, 2021 WL 2819762, at *2 (dismissing with prejudice negligence and gross negligence claims against Tyson employees related to their roles at Tyson's Carthage facility during the pandemic) (citing *Leitch*, 935 S.W.2d at118); *Wazelle* Dismissal Order, 2021 WL 2637336, at *2 (dismissing claims against plant managers and supervisors at Tyson's Amarillo facility: "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace") (citing *Leitch*, 935 S.W.2d at 117). Accordingly, employees and other

---

[3] *See also, id.* 5.2 (Defendant Tyson Foods, Inc. was legally responsible for the negligent conduct of Defendants Tommy Brown, Felicia Alexander, John Doe I and John Doe II, under the legal doctrines of respondeat superior, agency and/or ostensible agency because **Defendants Tommy Brown, Felicia Alexander, John Doe I and John Doe II were at all times** material hereto an agent, ostensible agent, servant and/or employees of Defendant Tyson Foods, Inc. and were **acting within the course and scope of such agency or employment**.) (emphasis added).

agents of an employer are not liable for an alleged workplace injury unless they owe an "independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch*, 935 S.W.2d at 117.

13. Here, the Petition alleges that Brown, Alexander, John Doe I and John Doe II owed an independent duty to Plaintiff, however, the purported duties are in reference to the work they performed in the course and scope of their employment to Tyson. For example, Plaintiff alleges that Brown, Alexander, and John Doe II:

> had an independent duty to ensure the safety of Plaintiff's workplace. More specifically, [they] had an independent duty exercise ordinary care of the affairs and areas under [their] control. More specifically, [they] had an independent duty to exercise ordinary care as [they] had control over the safety of Plaintiff. More specifically, [they] had an independent duty to exercise ordinary care as [they] had control over the safety of Plaintiff. [Pet. ¶¶ 4.5-4.7].[4]

Here, the Petition alleges that the Employee Defendants are liable for acts or omissions that they conducted in the course and scope of their employment.[5] *See, e.g.*, *Peters v. Corona*, Civ. A. No. 3:18-CV-1918-B, 2018 WL 6019809, at *3 (N.D. Tex. Nov. 16, 2018) (finding plaintiff's allegations that employee defendants were "responsible for" and "maintained control" over certain safety measures and

---

[4] *See also, id.* at ¶ 4.4 ("Defendant John Doe I was personally liable for the tortious acts that he *participated in as an employee of Defendant Tyson Foods, Inc*…Defendant John Doe I personally created a dangerous situation in the negligent use and/or misuse of the electric powered pallet jack or like material handling equipment that he operated when he struck Plaintiff.") (emphasis added).

[5] *See e.g., id.* ¶¶ 5.13., 5.17, 5.21, 5.25 ("Failing to *request assistance* where needed," "Failing to alert Defendant Tyson Foods, Inc. of an *unsafe work environment* or work conditions," "*Performing work that he knew was unsafe and dangerous to other employees*," "*Failing to exercise supervisory authority* to stop employees who were not properly trained and/or certified to operate electric powered pallet jacks or like material handling equipment, such as Defendant John Doe I, from operating such equipment," "Failing to operate an electric powered pallet jacks or like material handling equipment in a reasonable and prudent manner," "*Performing work* that he knew was unsafe and dangerous to other employees.") (emphasis added).

conditions were indistinct from employer's non-delegable duties and denying motion to remand because of improper joinder). Moreover, Plaintiff alleges that Tyson's liability arises, in part, because the Employee Defendant's actions "were acting within the course and scope of such agency or employment." [Pet. ¶5.2]. Plaintiff does not allege that the Employee Defendants' acts or omissions were committed separate and apart from their workplace conduct.

14. Plaintiff's negligence causes of action against the Employee Defendants are entirely dependent upon their status and actions as employees of Defendant Tyson—and not in their individual capacity, despite Plaintiff's attempt to plead otherwise and attribute independent duties to the Employee Defendants that are not supported by the pleadings and do not exist under Texas law.

15. To establish a negligence cause of action, a plaintiff must show a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Whether a duty exists is a threshold inquiry and a question of law and liability cannot be imposed on the defendant, here the non-diverse Employee Defendants, if no duty exists. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). The Texas Supreme Court provided guidance for this analysis in *Tri v. J.T.T.,* 162 S.W.3d 552 (Tex. 2005). In that case the Court held that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the *agent or employee of a corporation.* Corporations can, of course, only act through individuals. 162 S.W.3d at 562-63. The Employee Defendants actions as individuals are distinctly intertwined with their

employment by Tyson. Succinctly put, any duty owed by the Employee Defendants is not an independent one that exists outside of the duties they were performing while in the course and scope of her employment with Tyson.

16. Because there are no allegations to support an independent duty apart from an employer's duty to provide a safe workplace, Plaintiff is unable to establish a cause of action against the non-diverse parties. Therefore, the Employee Defendants have been improperly joined.

17. **Complete diversity exists.** When properly disregarding the citizenship of the Employee Defendants, complete diversity exists. As admitted in the Petition, Plaintiff is a resident of Texas.[6] In determining diversity jurisdiction, the state where someone establishes his domicile serves as a dual function as his state of citizenship.[7] Therefore, Defendant contends that Plaintiff was domiciled in, and was a citizen of Texas at the time Plaintiff's Petition was filed.

18. Defendant Tyson is a foreign corporation formed under the laws of the State of Delaware. Defendant's primary place of business is in the State of Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is not a citizen of the State of Texas.

19. Because Plaintiff is a citizen of the State of Texas and the only properly joined Defendant is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

---

[6] *See*, the Petition at ¶ 2.1.
[7] *See*, *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

### F.
### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

20. In the Petition, Plaintiff affirmatively states that he seeks "monetary relief more than $250,000 but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." [Pet. ¶ 6.2]. As such, the amount in controversy requirement is met as it exceeds $75,000.

21. Thus, based on the aforementioned facts pled in the Original Petition and the above supporting arguments, the State Court Action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### G.
### FILING OF REMOVAL PAPERS

22. Pursuant to 28 U.S.C. § 1446(d), Tyson is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the County Court at Law in Panola County, Texas, in which this action was originally commenced.

### H.
### CONCLUSION

23. Defendant Tyson Foods, Inc. hereby removes the above-captioned action from the County Court at Law in Panola County, Texas, and requests that further proceedings be conducted in the United States District Court for the Eastern District of Texas, Tyler Division, as provided by law.

      Respectfully submitted,

      **MAYER LLP**
      750 N. St. Paul Street, Suite 700
      Dallas, Texas 75201
      Telephone: 214.379.6900
      Facsimile: 214.379.6939

      By:   /s/ *Zach T. Mayer*
            Zach T. Mayer
            State Bar No. 24013118
            Email: zmayer@mayerllp.com
            J. Edward Johnson
            State Bar No. 24070001
            Email: ejohnson@mayerllp.com
            G. Adrian Galvan
            State Bar No. 24108601
            Email: agalvan@mayerllp.com

      **ATTORNEYS FOR DEFENDANT**
      **TYSON FOODS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of May 2023, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via Email**
filing@thewebsterlawfirm.com
Jason C. Webster
Heidi O. Vicknair
Christian Tovar
THE WEBSTER LAW FIRM
6200 Savoy, Suite 150
Houston, Texas 77036

      /s/ *Zach T. Mayer*
      Zach T. Mayer